IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| H.T. SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 318-024 |
| | ) | |
| ANTOINE CALDWELL, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

On March 28, 2018, Petitioner, an inmate at Johnson State Prison in Wrightsville, Georgia, submitted an application for writ of habeas corpus, filed on forms used for the Superior Courts of the State of Georgia, challenging a judgment of conviction entered in the Superior Court of Fulton County. (Doc. no. 1.) By Order dated April 3, 2018, the Court directed Petitioner to file an amended petition within fourteen days of the Order if Petitioner intended to pursue federal habeas relief pursuant to 28 U.S.C. § 2254 or, otherwise, to notify the Court of his intent to withdraw the original petition. (Doc. no. 3.) The Court warned Petitioner failure to comply with the Order would result in a recommendation that the case be dismissed. (Id. at 2-3.) Petitioner did not respond to the Court's April 3rd Order; nor has he filed a properly amended petition, explained his failure to do so, or communicated with the Court in any way.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to

comply with a court order.  Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Alabama Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets.").  Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness."  Loc. R. 41.1(c).  Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a litigant has failed to comply with a court order, "especially where the litigant has been forewarned."  Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

Here, Petitioner's failure to file a properly amended petition, respond to the Court's April 3rd Order, or communicate with the Court amounts not only to a failure to prosecute, but also an abandonment of his case.  This is precisely the type of neglect contemplated by the Local Rules.  Furthermore, because Petitioner seeks to proceed *in forma pauperis* ("IFP"), (doc. no. 2), the Court finds the imposition of monetary sanctions is not a feasible sanction.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** Petitioner's request to proceed IFP be **DENIED**, (doc. no. 2), this case be **DISMISSED**

without prejudice under Loc. R. 41.1 due to Petitioner's failure to prosecute this action, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 25th day of April, 2018, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA