# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| H.T. SMITH, | : | HABEAS CORPUS |
| GDC ID 1298426, | : | 28 U.S.C. § 2254 |
|     Petitioner, | : | |
| | : | |
|     v. | : | CIVIL ACTION NO. |
| | : | 1:18-CV-2166-AT-CMS |
| ANTOINE CALDWELL, | : | |
|     Respondent. | : | |

## FINAL REPORT AND RECOMMENDATION

This case is before me on H.T. Smith's Request to Proceed *In Forma Pauperis* [2] and Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [6].

I **GRANT** Smith permission to proceed *in forma pauperis*.

Smith states that he pled guilty to possession of marijuana and theft by receiving stolen property and was sentenced in Fulton County Superior Court on February 11, 2016. *See* [6] at 1. Smith acknowledges that he did not later attempt (i) to withdraw his plea, (ii) file post-judgment motions or a direct appeal, or (iii) otherwise seek collateral relief from his conviction and sentence in state court. *See id.* at 2-3. Thus, Smith's conviction and sentence became "final" thirty days later in March 2016, when his time to appeal expired. *See* O.C.G.A. § 5-6-38 (requiring that a notice of appeal be

filed within 30 days of entry of the order on appeal, absent the filing of certain post-judgment motions).

Federal law provides that "[a] one-year limitation period shall apply to federal habeas petitions, running from the latest to occur of four specified events. *See* 28 U.S.C. § 2244(d)(1). The relevant event in this case, as in most, is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* at (d)(1)(A). Thus, Smith had until March 2017 to file a federal habeas petition within the one-year limitation period. Because Smith did not file his Amended Petition until March 2018, it is clearly untimely.[1]

Furthermore, absent circumstances not alleged to exist in this case, federal law provides that a federal habeas petition "shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). *See also O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, a petitioner must "fairly present federal claims to the state

---

[1] I note that Smith left blank the space in his Amended Petition asking him to "explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition." [6] at 13. And I note that nothing in Smith's Amended Petition suggests any basis for statutory or equitable tolling of the one-year limitation period.

courts" to give those courts an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quotation marks and brackets omitted). Smith acknowledges that he did not present the single ground for relief raised in his Amended Petition to any state court, so it clearly appears that he did not exhaust all available state remedies before seeking federal habeas relief.

Where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the court *must* dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. foll. § 2254, Rule 4 (emphasis added).

Accordingly, I **RECOMMEND** that this Court **DISMISS** Smith's Amended Petition.

I further **RECOMMEND** that a Certificate of Appealability be denied because Smith does not satisfy the requirements necessary for one to be issued. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (requiring a two-part showing (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," *and* (2) "that jurists of reason would find it debatable whether the district court

3

was correct in its procedural ruling"); *see also Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc) (holding that the *Slack v. McDaniel* standard will be strictly applied prospectively).

I **DIRECT** the Clerk to terminate the referral of this case to me.

**SO ORDERED, RECOMMENDED, AND DIRECTED**, this 17th day of May, 2018.

CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE

4